# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

IN RE:

Natasha Danielle Semple

Case No.: 8:23-bk-01947-CPM

Chapter 7 Proceeding

_____/

American Airlines Federal Credit Union,

  Plaintiff,

Adv. Proceeding No. 8:23-AP-00105-BAJ

Natasha Danielle Semple,

  Defendant.

_____/

## NATASHA SEMPLE'S ANSWER
## TO COMPLAINT OBJECTING TO DISCHARGE

  COMES NOW Natasha Semple (hereinafter "Debtor" or "Defendant"), by and through his Attorney of record, and making the following responses, statements and averments, shows to the Court, Debtor's Answer to American Airlines Federal Credit Union (hereinafter "Plaintiff") Complaint (hereinafter "Plaintiff's Complaint") as follows:

  1. Admitted.

  2. Defendant is without knowledge to admit or deny, and therefore denies the allegations and demands strict proof thereof.

  3. Defendant is without knowledge to admit or deny, and therefore denies the allegations and demands strict proof thereof.

  4. Admitted.

  5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Defendant re-alleges her responses to paragraphs 1-12 respectively.

14. This is a statement of law and does not call for an admission or denial.

15. This is a statement of law and does not call for an admission or denial.

16. Defendant is without knowledge to admit or deny, and therefore denies the allegations and demands strict proof thereof.

17. Defendant re-alleges her responses to paragraphs 1-16 respectively.

18. Defendant is without knowledge to admit or deny, and therefore denies the allegations and demands strict proof thereof.

19. Denied.

20. Denied.

## **FIRST DEFENSE**

Plaintiff has failed to state sufficient facts to support its claim that the Defendant used the funds from the line of credit for educational purposes. Merely alleging the amounts owed , constitute an obligation to repay funds received as an educational benefit. Plaintiff states that advances were made to the Defendant but provides no evidence that the funds were used for educational purposes. Plaintiff attaches a purported loan agreement that is titled an educational

line of credit and while one of the stated terms of the agreement conditions usage of funds for educational purposes. The terms and conditions also state that all educational advances require documentation and verification that the expenses are for educational purposes. However, Plaintiff has failed to include any evidence that the alleged advances given to the Defendant went through this verification process.

## SECOND DEFENSE

Plaintiff failed to state sufficient facts in support of his allegation that the debt owed by Defendant is an obligation to repay funds received as an educational benefit, scholarship or stipend. Plaintiff maintains that this loan should be analyzed under 11U.S.C. 523(a)(8)(A)(ii) as an obligation to repay funds received as an educational benefit even though there is no evidence the funds advanced were used for that purpose. This is a much broader argument and analysis and would result in any loan from which the proceeds , whether it be from first or second mortgage , a line of credit, or a credit card which is used to pay for any educational related expense would fall under that provision and be non-dischargeable. While congress has expanded 523(a)(8) to now include private lenders and non-profit institutions, and any loan guaranteed by a government unit , they did not mean to expand what constitutes an educational benefit to this far reaching analysis. .

Defendant maintains that the proper analysis for this debt should not proceed under 11 U.S.C. 523(a)(8)(A)(ii) but under 11 U.S.C. 523(a)(8)(B) and/or that the limitations under 11 U.S.C. 523(a)(8)(B) should be considered *in pari materia* because they set forth a better framework to analysis whether the advances from the line of credit are a educational loan or for educational benefits.

Lastly Defendant maintains that the advances were received do not qualify as an obligation to repay funds received as an educational benefit, scholarship, or stipend.

### THIRD DEFENSE

Plaintiff claims that the advances given to the Defendant were used for educational purposes as Defendant allegedly used the funds to pay for tuition at a pilot training facility. While trade schools can be recognized as providing an educational benefit and non-dischargeable under 11 U.S.C. 523(a)(8), the trade school or program generally has to be accredited to qualify . In the instant case the program Defendant enrolled in and attended for a semester was not accredited and Defendant did not graduate or complete the full program due to financial constraints. As such the advances on the line of credit do not constitute a qualified educational loan and should be dischargeable.

### FOURTH DEFENSE

Plaintiff's Complaint, including each Count thereof, fails to state a claim against Defendant upon which relief can be granted.

### FIFTH DEFENSE

Defendant's debt should be dischargeable as having to pay back the loan has caused an undue hardship and burden on the Defendant.

**WHEREFORE**, Defendant prays:

(1) That the Court dismiss Plaintiff's complaint with prejudice or render a judgment in favor of Defendant as to all claims that Plaintiff has asserted against Defendant;

(2) That the Court award Defendant reasonable costs and attorneys' fees for defending this action; and

(3) That the Court award such other and further relief as the Court deems appropriate and just under the circumstances.

Respectfully submitted on this 19th day of January , 2024

/s/ Jonathan Swinson
Jonathan Swinson, Esq.
FBN: 0122256
Ziegler Diamond Law, P.A.
2430 Estancia Blvd., Suite 108
Clearwater, FL 33761
(p) (727) 538-4188
(f) (727) 362-4778
bankruptcy@attorneydebtfighters.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via the Court's ECF system on January 19, 2024.

/s/ Jonathan Swinson
Jonathan Swinson, Esq.
FBN: 0122256
Ziegler Diamond Law, P.A.
2430 Estancia Blvd., Suite 108
Clearwater, FL 33761
(p) (727) 538-4188
(f) (727) 362-4778
bankruptcy@attorneydebtfighters.com